IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| PROPANE RESOURCES SUPPLY AND MARKETING, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No.: 12-cv-2758 JTM/DJW |
| G.J. CREEL & SONS, INC., CREEL OIL COMPANY, INC., G.J. CREEL, INC., CREEL INVESTMENTS, INC., BUCKSVILLE FARMS, INC., COASTAL ENERGY, LLC, BENJAMIN J. CREEL, Individually, LUTHER BAREFOOT, Individually, RANDY BEVERLY, Individually, JOHN DOES 1 – 100, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL TO FEDERAL COURT

The removing Defendant, Coastal Energy, LLC, hereby removes Civil Action Number 12
CV 08292 from the District Court of Johnson County, Kansas, to the United States District Court
for the District of Kansas, pursuant to 28 U.S.C.A. §§1441, 1446, 1392.  The following facts
show that this case is properly removed to this Court:

1.     Plaintiff filed an action styled Propane Resources Supply and Marketing, LLC vs.
G.J. Creel & Sons, Inc., et al., civil action no. 12-CV-08292 in the District Court of Johnson
County, Kansas on October 23, 2012.  In the complaint, the Plaintiff seeks from Defendants
damages arising out of allegations of breach of contract, unjust enrichment/quantum meruit,
action on account, tortious interference with contracts, tortious interference with business
expectancy, fraudulent misrepresentation, and civil conspiracy.

1

2.     Defendant Coastal Energy, LLC was served with a copy of the Summons and Complaint on November 6, 2012.  Pursuant to 28 U.S.C. 1446(a), a copy of all process, pleadings, and/or orders served upon Defendant Coastal Energy, LLC, in said action is attached hereto as Exhibit "A".

3.     This court has original jurisdiction over this case pursuant to 28 U.S.C. 1332 (diversity jurisdiction), and this action may be removed to this court by the Defendant pursuant to 28 U.S.C. 1441(a).

4.     This Notice of Removal is timely, in accordance with 28 U.S.C. 1446(d), as it is filed within thirty (30) after the Defendant, Coastal Energy, LLC was served with Plaintiff's Complaint.  See Murphy Brothers v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 345 (1999) (if the Complaint is filed before the Summons is served, the thirty day removal period begins to run from the date of service).

5.     No proceedings have occurred in the District Court of Johnson County, Kansas, as of the date of this Notice of Removal.  Defendant has not filed a responsive pleading to the Complaint as such responsive pleading is not yet due.  Plaintiff has provided Defendant Coastal Energy, LLC through December 13, 2012, to answer or otherwise plead in response to the Complaint; however, Plaintiff has not consented to any extension of time to file and/or serve this Notice of Removal.

6.     Defendant hereby reserves any and all rights to assert any and all defenses and/or objections to the Complaint, including, but not limited to defenses and/or objections, if any, as to arbitration, venue, service, and personal jurisdiction.  Defendant further reserves the right to amend or supplement this Notice of Removal.

7.      All of the Defendants specifically identified in the Complaint are Horry County, South Carolina corporations and/or limited liability companies and/or individuals pursuant to the face of the Complaint and the allegations therein.

8.      Plaintiff has alleged that Defendants owe the Plaintiff One Hundred Ninety-Five Thousand Six Hundred Forty-Eight and 48/100ths ($195,648.48) Dollars as of October 20, 2012, with interest accruing at 18% per annum until payment is made in full.  **(Complaint, ¶82)**  As a result, upon the face of the Plaintiff's Complaint, if the Plaintiff succeeds one or more causes of action, the amount of damages, exclusive of interest and costs, will exceed the jurisdictional threshold of Seventy-Five Thousand and no/100ths ($75,000.00) Dollars.

9.      Plaintiff alleges in the Complaint that it is a Kansas limited liability company with a principal place of business in Mission, Kansas.  **(Complaint, ¶1)**

10.     The Plaintiff alleges in the Complaint that the Defendants are all Horry County, South Carolina, corporations and/or limited liability companies, doing business in Horry County, South Carolina, and/or individuals residing in Horry County, South Carolina.  **(Complaint, ¶¶2-14)**

11.     The Complaint alleges that Defendants John Does 1 – 100 are purported co-conspirators.  **(Complaint, ¶15)**

12.     Pursuant to 28 U.S.C. §1441(a), removal to the District of Kansas is proper because the original action was filed within this District and Division.  However, Defendant Coastal Energy, LLC does not consent to personal jurisdiction and/or venue within this District and affirmatively maintains that venue in the District of Kansas is improper pursuant to 28 U.S.C. §1391. Venue in the United States District Court of South Carolina, Florence Division is

the proper venue as all Defendants are incorporated and/or reside within Horry County, South Carolina, the allegations of the Complaint involve real property located within Horry County, South Carolina, and the alleged contract at issue is for the purchase and sale of the assets of a business operating with its principal place of business in Horry County, South Carolina.  For purposes of removal, Defendants sued under fictitious names should be disregarded 28 U.S.C.A. §1441(b); See Doleac ex rel. Doleac v. Michalson, 264 F.3d 470 (5th Cir. 2001)

WHEREFORE, because this Court has original jurisdiction over this action pursuant to 28 U.S.C.A. §1441, 1446 and 1332 Defendant prays that this Court accept this Notice of Removal and that this Court takes jurisdiction of the above entitled case in all further proceedings in this said case, including any challenges to personal jurisdiction and venue and that removal of the above styled case to this Court is appropriate pursuant to 28 U.S.C.§1441(a).

Respectfully submitted by,

KLENDA AUSTERMAN, LLC

s/Todd E. Shadid
Todd E. Shadid
KS S. Ct. # 16615
*Counsel for Defendant Coastal Energy, LLC*
301 N. Main, 1600 Epic Center
Wichita, KS  67202-4816
Phone:  (316) 267-0331
Fax:  (316) 267-0333
tshadid@klendalaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of December, 2012 the foregoing document was served via United States Mail, postage prepaid, and/or by Electronic Mail, to the Counsel of Record, and/or Pro Se Parties, as follows:

Bryan E. Mouber, KS #19710
Jonathan E. Benevides, KS #24424
Baker Sterchi Cowden & Rice, LLC
9393 W. 110th Street, Suite 500

4

Overland Park, KS  66210
*Attorneys for the Plaintiff*
*Propane Resources Supply and Marketing, L.L.C.*

s/Todd E. Shadid
Todd E. Shadid, S. Ct. No. 16615

**EXHIBIT "A"**

 **BAKER STERCHI COWDEN & RICE** L.L.C.

KANSAS CITY
ST. LOUIS
OVERLAND PARK, KS

**Sissy G. Russell**
Direct Dial 816/448-9311
srussell@bscr-law.com
*Kansas City Office*

VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED
November 2, 2012

Coastal Energy, LLC.
c/o Registered Agent:
Donald D. Goodwin
3370 Mt. Pisgah Rd
Conway, SC 29526

      Re:    Propane Resources Supply and Marketing, L.L.C. v.
             G.J. Creel & Sons, Inc., et al.

Dear Mr. Goodwin:

      Enclosed please find the Summons, Petition and Request and Service Instruction Form in the above-captioned matter which is being served on you as registered agent of Coastal Energy, LLC. We believe that the enclosed is self-explanatory but if there are any questions, please do not hesitate to have your attorneys contact us. Thank you for your attention to this matter.

                                 Very truly yours,

                                   BAKER STERCHI COWDEN & RICE, L.L.C.

                                 *Sissy Russell*

                                 Sissy G. Russell
                                 Paralegal

Enclosures

> **EXHIBIT**
>
> *A*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KANSAS 66061

PROPANE RESOURCES SUPPLY AND          )
MARKETING, L.L.C.,                    )
                                      )
                        Plaintiff     )
                                      )
          v.                          )          Case No. 12 CV 08292
                                      )
G.J. CREEL & SONS, INC., et al.,      )
                                      )
                        Defendants.   )

## REQUEST AND SERVICE INSTRUCTION FORM

To: Clerk of the District Court

        Please issue a Summons in this action for **COASTAL ENERGY, LLC, INC.**, whose address for service is:

        Registered Agent:  Donald D. Goodwin
        3370 Mt. Pisgah Road
        Con way, SC 29526

Service is requested as indicated:

____a. Service through the Sheriff of _____

County, State of _____. Returns may be faxed to

(913) 715-3401. 7 days a week - 24 hours a day.

____b. Service by an authorized process server.

__X__c. Certified mail service by the undersigned litigant or attorney, who understands that it is

        their responsibility to obtain service and to make the return to the clerk.  The postal

        receipt for service must be filed with the Clerk's office to prove service.

____d. Certified mail service by the Sheriff of Johnson County Kansas. Sheriff of Johnson

        County does not do out-of-state service by certified mail.

SCAN DATE 2012/10/31 16:37

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
SA
2012 OCT 30  PM 3: 54

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, LLC

Bryan E. Mouber                        KS #19710
Jonathan E. Benevides                  KS #24424
9393 W. 110th Street, Suite 500
Overland Park, KS 66210
Phone: (913) 451.6752
Fax: (816) 472.0288
Mouber@bscr-law.com

ATTORNEYS FOR PROPANE RESOURCES
SUPPLY AND MARKETING, L.L.C.

4836-3593-5249, v. 1

SCAN DATE 2012/10/31 16:37

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

PROPANE RESOURES SUPPLY AND MARKET,
                          Plaintiff

      vs

COASTAL ENERGY LLC,
                    Defendant

Case No: 12CV08292
Division:  2
K.S.A. Chapter 60

### SUMMONS

To the above-named defendant:

     YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney, as follows:

Name:    BRYAN E MOUBER
Address: 2400 PERSHING RD, STE 500
             KANSAS CITY, MO 64108
Phone:   (816) 471-2121

Within 30 days after service of summons upon you.

     If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

*Sandy Mc Curdy*

Clerk of the District Court

Dated:   October 31, 2012

Johnson County Court House, 100 N. Kansas Ave.  Olathe,  KS 66061

Clerk of the District Court
Johnson County Kansas
10/31/2012 16:38:10 AL

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| PROPANE RESOURCES SUPPLY AND MARKETING, L.L.C. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| G.J. CREEL & SONS, INC. | ) |
|     Registered Agent: | ) |
|     Paul E. Creel | ) |
|     708 12th Ave. | ) |
|     Conway, SC 29526 | ) |

Case No. ___'12 C V 0 8 2 9 2___

DIV - 2

CREEL OIL COMPANY, INC.
    Registered Agent:
    Paul E. Creel
    708 12th Ave.
    Conway, SC 29526

G.J. CREEL, INC.
    Registered Agent:
    Paul E. Creel
    708 12th Ave.
    Conway, SC 29526

CREEL INVESTMENTS, INC.
    Registered Agent:
    Benjamin J. Creel
    708 12th Ave.
    Conway, SC 29526

BUCKSVILLE FARMS, INC.
    Registered Agent:
    Benjamin J. Creel
    708 12th Ave.
    Conway, SC 29526

SCAN DATE 2012/10/24 09:27

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2012 OCT 23  PM 12: 26

COASTAL ENERGY, LLC.                )
    Registered Agent:               )
    Donald D. Goodwin               )
    3370 Mt. Pisgah Rd              )
    Conway, SC 29526               )
                       )
BENJAMIN J. CREEL, individually     )
    708 12th Ave.                  )
    Conway, SC 29526               )
                       )
LUTHER BAREFOOT, individually       )
    212 Main Street                )
    Conway, SC 29526               )
                       )
RANDY BEVERLY, individually,        )
    990 Castlewood Dr.             )
    Conway, SC 29526               )
                       )
JOHN DOES 1-100.                    )
                       )
        Defendants.             )

## PROPANE RESOURCES SUPPLY AND MARKETING, L.L.C.'S COMPLAINT

COMES NOW, Propane Resources Supply And Marketing, L.L.C. (PRSM) for its Complaint against G.J. Creel & Sons, Inc., Creel Oil, G.J. Creel, Inc., Creel Investments, Inc., Coastal Energy, LLC, Bucksville Farms, Inc., Luther Barefoot (individually), Benjamin Creel (individually), Randy Beverly (individually), and John Does 1-100, and states and alleges as follows:

SCAN DATE 2012/10/24  09:27

## THE PARTIES

1. PROPANE RESOURCES SUPPLY AND MARKETING, L.L.C. is a Kansas limited liability company with its principal place of business in Mission, Kansas.

2. G.J. CREEL & SONS, INC. is a South Carolina corporation with its principal place of business in Conway, SC.  It may be served through its registered agent: Paul E. Creel, 708 12th Ave., Conway, SC 29526.

3. Upon information and belief Paul E. Creel is deceased.

4. Upon information and belief Benjamin J. Creel, his son, is an officer of G.J. Creel and maintains a business address at 708 12th Ave., Conway, SC 29526.

5. CREEL OIL COMPANY, INC. is a South Carolina corporation with its principal place of business in Conway, SC.  It may be served through its registered agent: Paul E. Creel, 708 12th Ave., Conway, SC 29526.

6. Upon information and belief Benjamin J. Creel, his son, is President and Secretary of Creel Oil and maintains a business address at 708 12th Ave., Conway, SC 29526.

7. G.J. CREEL, INC. is a South Carolina corporation with its principal place of business in Conway, SC.  It may be served through its registered agent: Paul E. Creel, 708 12th Ave., Conway, SC 29526.

8. Upon information and belief Benjamin J. Creel, his son, is an officer of G.J. Creel and maintains a business address at 708 12th Ave., Conway, SC 29526.

SCAN DATE 2012/10/24 09:27

9. CREEL INVESTMENTS, INC. is a South Carolina corporation with its principal place of business in Conway, SC. It may be served through its registered agent: Benjamin J. Creel, 708 12th Ave., Conway, SC 29526.

10. BUCKSVILLE FARMS, INC. is a South Carolina corporation with its principal place of business in South Carolina. It may be served through its registered agent: Benjamin J. Creel, 708 12th Ave., Conway, SC 29526.

11. COASTAL ENERGY, LLC. is a South Carolina limited liability company with its principal place of business in South Carolina. It may be served through its registered agent: Donald D. Godwin, 3370 Mt. Pisgah Rd., Conway, SC 29526.

12. BENJAMIN J. CREEL is a resident of South Carolina and may be served at his residence or personally where he may be found.

13. LUTHER BAREFOOT is a resident of South Carolina and may be served at his residence or personally where he may be found.

14. RANDY BEVERLY is a resident of South Carolina and may be served at his residence or personally where he may be found.

15. John Does 1-100 are persons and entities that acted with the defendants named herein to cause harm to PRSM in Kansas. The defendants specifically named herein and others have prevented PRSM from learning the identities of these entities and persons who acted in concert with them and who caused harm to PRSM.

SCAN DATE 2012/10/24 09:28

## JURISDICTION AND VENUE

16. Defendants solicited business from PRSM in the state of Kansas.

17. Defendants sought out and entered into contracts with PRSM in Mission, Kansas.

18. Defendants committed tortious acts in this state causing harm to PRSM, a Kansas resident.

19. Defendants consented to jurisdiction in the State of Kansas.

20. Venue is proper in this County, because a substantial part of the events giving rise to this dispute occurred in this County.

## GENERAL ALLEGATIONS

21. Benjamin Creel has a beneficial interest in Creel Oil.

22. Benjamin Creel has a beneficial interest in G.J. Creel.

23. Randy Beverly is Benjamin Creel's uncle.

24. Randy Beverly is in business and owns businesses with persons who have a beneficial interest in Coastal Energy.

25. Randy Beverly purchased the land adjacent to the bulk propane operations of Creel Oil and G.J. Creel from Benjamin Creel.

26. From August 2006 through March 2009, PRSM sold propane to Creel Oil.

27. Creel Oil conducts its propane business under the unregistered fictitious name of Creel Gas.

28. Creel Oil failed to pay PRSM $142,158.55 as of June 8, 2009.

SCAN DATE 2012/10/24 09:28

29. PRSM sued Creel Oil to recover the unpaid sums it owed in the District Court of Johnson County in 2009 ("2009 Lawsuit").

30. Creel Oil and G.J. Creel signed a Settlement Agreement and Mutual Release in March 2010 ("Release") as a condition of PRSM's voluntary dismissal of the 2009 Lawsuit and resolution of PRSM's claims asserted in the 2009 Lawsuit. The Release obligated Creel Oil and G.J. Creel to sign and deliver to PRSM a promissory note ("Promissory Note"), payable jointly and severally by both, in the principal amount of $60,000.

31. Creel Oil failed to comply with the terms of the Release in that it failed to execute and deliver the required promissory note.

32. G.J. Creel delivered a promissory note in the amount of $60,000.

33. In reliance on the Release and these defendants' promises to execute an appropriate Promissory Note, PRSM dismissed the 2009 Lawsuit without prejudice.

34. G.J. Creel failed to make payments pursuant to the Promissory Note.

35. PRSM made demand for payment under the Promissory Note.

36. Creel Oil was administratively dissolved by the South Carolina Secretary of State on June 16, 2010.

37. G.J. Creel was administratively dissolved by the South Carolina Secretary of State on October 6, 2011.

38. In May 2012, Benjamin Creel contacted Mark Bailey of PRSM in Kansas and stated his negotiations with a third party to sell the propane operations of

SCAN DATE 2012/10/24 09:28

Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by
Bucksville Farms, had fallen through and would not result in a sale.

39. Mark Bailey, on behalf of PRSM, stated that it would be interested in
purchasing the propane operations of Creel Oil and/or G.J. Creel, which also
used a parcel of real estate owned by Bucksville Farms.

40. Mark Bailey, Benjamin Creel (on behalf of himself individually and Creel Oil
and G.J. Creel) and Luke Barefoot agreed that the parties would enter into a
exclusive dealing agreement, whereby the parties would not entertain offers
with or negotiate with other parties.

41. PRSM performed due diligence for its purchase of the propane operations of
Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by
Bucksville Farms.

42. PRSM invested personnel-hours and money into its due diligence activities in
connection with the anticipated purchase of the propane operations of Creel
Oil and/or G.J. Creel, which also used a parcel of real estate owned by
Bucksville Farms.

43. Mr. Beverly owned land adjacent to the bulk propane operations of Creel Oil
and G.J. Creel, which themselves sat on land owned by Bucksville Farms.

44. Mr. Beverly stated that as a condition to PRSM's purchase, he wanted the
bulk propane operations of Creel Oil and G.J. Creel moved, because it would
increase the value of his adjacent land.

SCAN DATE 2012/10/24 09:28

45. Mr. Beverly offered to exchange other land that he owned for the land on which the bulk propane operations of Creel Oil and G.J. Creel currently sat.

46. In June 2012, Luther Barefoot met with Marty Lerum of PRSM regarding PRSM's purchase of the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms in order to examine the real estate at issue in the sale.

47. On June 13, 2012, Mr. Barefoot stated he became aware that Benjamin Creel was not thinking very clearly.

48. On June 18, 2012, Mr. Barefoot confirmed the terms of PRSM's purchase of Creel Oil, a parcel of real estate owned by Bucksville Farms, and G.J. Creel to Mark Bailey at PRSM.

49. On June 25, 2012, Mr. Barefoot and Mr. Beverly began personally discussing PRSM's purchase of Creel Oil, a parcel of real estate owned by Bucksville Farms, and G.J. Creel.

50. On June 26, 2012, Mark Bailey told Mr. Barefoot that PRSM would draft a Letter of Intent outlining the terms of the deal.

51. On July 9, 2012, Mark Bailey sent the letter of intent to Luther Barefoot.

52. The Letter of Intent confirmed the parties' exclusive dealing provision.

53. Mr. Barefoot told PRSM to proceed directly to draft a Contract for Purchase and skip the Letter of Intent.

54. On July 31, 2012, Mr. Barefoot told Mark Bailey of PRSM that Benjamin Creel had hired attorney Edward B. Bowers, Jr. to represent him in the

SCAN DATE 2012/10/24 09:28

PRSM purchase the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms.

55. On August 1, 2010, Mr. Barefoot privately told Edward B. Bowers, Jr. that he would personally be relaying all information to Benjamin Creel regarding the transaction.

56. PRSM, with the permission of the defendants, planned to occupy the former offices of Benjamin Creel at 708 12th Ave., Conway, SC 29526.

57. On August 24, 2012, Mark Bailey asked where the parties were on the purchase agreement.

58. Between August 24 and September 10, 2012, PRSM's attorney sent Mr. Bowers a copy of the drafted purchase agreement.

59. On September 10, 2012, Mark Bailey asked Mr. Barefoot for the promised purchase contracts.

60. Defendants informed Mark Bailey that Benjamin Creel had sold the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms, to Coastal Energy.

61. Upon information and belief, Coastal Energy purchased the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms.

## COUNT I: BREACH OF CONTRACTS
## AGAINST CREEL OIL AND COASTAL ENERGY

62. PRSM incorporates the preceding paragraphs as if set forth herein.

SCAN DATE 2012/10/24 09:28

63. PRSM is a company that holds itself out as having knowledge or skill peculiar to the purchase and sale of propane.

64. PRSM is a merchant of propane.

65. Creel Oil is a company that holds itself out as having knowledge or skill peculiar to the purchase and sale of propane.

66. Creel Oil employs agents or brokers or other intermediaries who hold themselves out as having knowledge or skill peculiar to the purchase and sale of propane.

67. Creel Oil is a merchant of propane.

68. Any transaction between PRSM and Creel Oil involving the purchase and sale of propane was a transaction between merchants.

69. From August 2006 through March 2009, PRSM sold propane to Creel Oil.

70. For each transaction, PRSM sent Creel Oil a written confirmation and invoice of the contract for sale of propane.

71. Creel Oil received each written confirmation and invoices.

72. Creel Oil knew or had reason to know of the contents of each of the written confirmations and invoices of the contract for the sale of propane.

73. Creel Oil never provided written objection to PRSM to any of the confirmations and invoices.

74. PRSM fully performed and satisfied all preconditions for payment under each of the confirmations and invoices.

SCAN DATE 2012/10/24 09:28

75. Creel Oil failed to pay or failed to timely pay each of the confirmations and invoices.

76. At least once each month, PRSM sent Creel Oil a Statement showing the balance due on each of the written confirmations and invoices.

77. Creel Oil never provided written objection to the Statements to PRSM.

78. Creel Oil failed to pay PRSM $142,158.55 as of June 8, 2009.

79. Additional interest in the amount of $86,229.87 has accrued on the principal balance.

80. Creel Oil had made principal and interest payments of $32,739.94.

81. Interest continued to accrue at $70.11 per day on the unpaid principal amount.

82. Creel Oil owed PRSM $195,648.48 as of October 20, 2012, with interest accruing at 18 percent per annum until payment is made in full.

83. Upon information and belief, Coastal Energy purchased the propane operating unit Creel Oil, including all of its assets and liabilities.

84. Coastal Energy, as a successor in interest to Creel Oil, is liable for the debt to PRSM.

WHEREFORE, PRSM prays for judgment in its favor on Count I in the amount of $195,648.48 including interest at 18% per annum through October 8, 2012 plus additional interest at 18% per annum until such time as payment may be made in full pursuant to the terms of the written confirmations and statements, as well as

SCAN DATE 2012/10/24 09:28

PRSM's costs, fees, and attorneys' fees and for such other relief as this court may deem just and proper.

### COUNT II: BREACH OF CONTRACT AGAINST BENJAMIN CREEL, CREEL OIL, G.J. CREEL, AND COASTAL ENERGY

85. PRSM incorporates the preceding paragraphs as if set forth herein.

86. On or about March 29, 2010, Benjamin Creel executed a Settlement Agreement and Mutual Release purportedly on behalf of G.J. Creel and Creel Oil.

87. On or about May 16, 2010, Benjamin Creel executed a Promissory Note purportedly on behalf of G.J. Creel in the amount of $60,000.

88. Benjamin Creel and Creel Oil failed to execute a Promissory Note.

89. Defendants breached the terms of the Settlement and Promissory Note by failing to pay amounts due, failing to perform material conditions, and acting in bad faith in performing their duties under the contracts.

90. The amounts due under the Settlement and Promissory Note are $61,243.05 as of October 20, 2012.

91. Additional interest continues to accrue at $23.14 per day

92. PRSM fully performed and satisfied all preconditions for payment under the Settlement and Promissory Note.

93. Upon information and belief, Coastal Energy purchased the propane operations of Creel Oil, including all of its assets and liabilities.

SCAN DATE 2012/10/24 09:28

94. Coastal Energy, as a successor in interest to Creel Oil, is liable for the debt to PRSM.

WHEREFORE, PRSM prays for judgment in its favor on Count II in the principal amount of principal sum of $61,243.05 including interest at 6% per annum through October 20, 2012 plus additional interest at 6% per annum until such time as payment may be made in full pursuant to the terms of the written confirmations and statements, as well as PRSM's costs, fees, and attorneys' fees of 15 percent pursuant to the Settlement and Promissory Note and for such other relief as this court may deem just and proper.

### COUNT III: EQUITABLE RELIEF: UNJUST ENRICHMENT / QUANTUM MERUIT AGAINST ALL DEFENDANTS

95. PRSM incorporates the preceding paragraphs as if set forth herein.

96. PRSM conferred a benefit upon Defendants by:

    a.  delivering propane to Creel Oil, and

    b.  extending credit to Creel Oil and G.J. Creel.

97. Defendants appreciated the above benefits in that:

    a.  Defendants benefited from the continued operations of Creel Oil and G.J. Creel,

    b.  Defendants benefited from the sale of Creel Oil and G.J. Creel and/or its assets, and

SCAN DATE 2012/10/24 09:28

    c.  Defendants benefited from PRSM's forbearance in pursuing additional legal and equitable remedies against Defendants while extending credit to Creel Oil and G.J. Creel.

98. Defendants had knowledge of the benefit conferred and received.

99. Defendants retained the benefits without payment for their value.

100.    The fair value of the propane PRSM delivered to Defendants is $98,477.35.

101.    The fair value of the credit PRSM extended is $86,229.87 through October 20, 2012.

102.    The fair value of the credit PRSM extended continues to increase as long as the fair value of the propane delivered remains unpaid.

103.    The fair interest rate for the value of the credit PRSM extended is 18 percent per annum.

104.    Defendants would be unjustly enriched were it allowed to retain the benefits received without payment.

WHEREFORE, PRSM prays for judgment in its favor under Count III in the amount of $195,648.48 including interest at 18% per annum through October 20, 2012 plus additional interest at 18% per annum until such time as payment may be made in full, as well as PRSM's costs, and fees, all costs of reasonable collection, and attorneys' fees, and for such other relief as this court may deem just and proper.

## COUNT IV: ACTION ON ACCOUNT
## AGAINST CREEL OIL AND COSTAL ENERGY

105.     PRSM incorporates the preceding paragraphs as if set forth herein.

106.     Creel Oil had an account with PRSM for the sale of propane:

107.     From August 2006 through March 2009, PRSM sold propane to Creel
Oil.

108.     PRSM fully performed and satisfied all preconditions for payment.

109.     Creel Oil failed to pay or failed to timely pay.

110.     At least once each month, PRSM sent Creel Oil a Statement showing
the balance due on each of the written confirmations and invoices.

111.     Creel Oil never provided written objection to the Statements to PRSM.

112.     Additional interest in the amount of $86,229.87 has accrued on the
principal balance.

113.     Creel Oil had made payments of $32,739.94.

114.     Interest continued to accrue at $70.11 per day on the unpaid principal
amount.

115.     Creel Oil owed PRSM $195,648.48 as of October 20, 2012, with interest
accruing at 18 percent per annum until payment is made in full.

116.     Upon information and belief, Coastal Energy purchased the propane
operations of Creel Oil, including all of its assets and liabilities.

117.     Coastal Energy, as a successor in interest to Creel Oil, is liable for the
debt to PRSM.

SCAN DATE 2012/10/24   09:28

WHEREFORE, PRSM prays for judgment in its favor on Count IV in the amount of $195,648.48 including interest at 18% per annum through October 20, 2012 plus additional interest at 18% per annum until such time as payment may be made in full, as well as PRSM's costs, fees, and attorneys' fees and for such other relief as this court may deem just and proper.

## COUNT V: TORTIOUS INTERFERENCE WITH CONTRACTS
### AGAINST ALL DEFENDANTS

118.    PRSM incorporates the preceding paragraphs as if set forth herein.

119.    As set forth in more detail in Counts I and II above, PRSM had existing contractual relationships with Creel Oil and G.J. Creel.

120.    Defendants knew of these contracts.

121.    Defendants intended to intentionally interfere with PRSM's contracts, as set forth more fully in Paragraphs 21 through 61.

122.    Defendants intentionally brought about Creel Oil, Bucksville Farms, and G.J. Creel's breach of the contracts in that:

   a. Defendants failed to keep Creel Oil and G.J. Creel operating as going business concerns.

   b. Defendants hid the assets of Creel Oil, Bucksville Farms, and G.J. Creel from PRSM.

   c. Defendants contacted PRSM in Kansas and conducted prolonged and extended discussions with PRSM in bad faith in order to delay and hinder PRSM's pursuit of its contractual and legal remedies.

SCAN DATE 2012/10/24 09:28

d.  Defendants failed to account for the sale of assets and monies received from the sale of assets.

e.  Defendants purchased the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms, including Creel Oil's and/or G.J. Creel's contracts, receivables, and payables, and failed to pay them and/or structured the purchase so as to avoid the payment of PRSM's contracts.

123.   Defendants had no justification for interfering with PRSM's contracts.

124.   PRSM was damaged as a result of Defendants' interference in an amount in excess of $50,000.

WHEREFORE, for the above stated reasons, PRSM demands judgment in its favor on Count V of the Complaint, and prays for damages in an amount to be determined at trial, the costs and expenses of this action, including reasonable attorneys' fees, and for such other and further relief as to the Court shall deem just and proper.

## COUNT VI: TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY AGAINST ALL DEFENDANTS

125.   PRSM incorporates the preceding paragraphs as if set forth herein.

126.   As set forth more fully in Paragraphs 21 through 61, above, PRSM had probable and valid business expectancy with Creel Oil, Bucksville Farms, and G.J. Creel.

127.   Defendants knew of these contracts.

128.     Defendants intended to intentionally interfere with PRSM's contracts.

129.     Defendants, as set forth more fully in Paragraphs 21 through 61, intentionally brought about Creel Oil, Bucksville Farms, and G.J. Creel's breach of the contracts in that:

a.  Defendants failed to keep Creel Oil and G.J. Creel operating as going business concerns.

b.  Defendants hid the assets of Creel Oil, Bucksville Farms, and G.J. Creel from PRSM.

c.  Defendants contacted PRSM in Kansas and conducted prolonged and extended discussions with PRSM in bad faith order to delay and hinder PRSM's pursuit of its contractual and legal remedies.

d.  Defendants failed to account for the sale of assets and monies received from the sale of assets.

e.  Defendants purchased the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms, including Creel Oil's and/or G.J. Creel's contracts, receivables, and payables, and failed to pay them and/or structured the purchase so as to avoid the payment of PRSM's contracts.

f.  Benjamin Creel, Creel Oil, G.J. Creel, and Luke Barefoot failed to abide by the terms of the exclusive dealing provision.

SCAN DATE 2012/10/24 09:28

g. Mr. Beverly, Bucksville Farms, Creel Investmenets, Coastal Energy, and John Does 1-100 had knowledge of the exclusive dealing provision and used information prepared pursuant to it to their advantage.

130.   Defendants had no justification for interfering with PRSM's contracts.

131.   PRSM was damaged as a result of Defendants' interference in an amount in excess of $50,000.

WHEREFORE, for the above stated reasons, PRSM demands judgment in its favor on Count VI of the Complaint, and prays for damages in an amount to be determined at trial, the costs and expenses of this action, including reasonable attorneys' fees, and for such other and further relief as to the Court shall deem just and proper.

## COUNT VII: FRAUDULENT MISREPRESENTATION
## AGAINST ALL DEFENDANTS

132.   PRSM incorporates the preceding paragraphs as if set forth herein.

133.   As set forth more fully in Paragraphs 21 through 61, above, Defendants negotiated with PRSM for the sale of Creel Oil, a parcel of real estate owned by Bucksville Farms, and G.J. Creel.

134.   Defendants at all times during the negotiations, as set forth more fully in Paragraphs 21 through 61, knew or had reason to know that Creel Oil and/or G.J. Creel would not and/or could not complete the sale to PRSM.

SCAN DATE 2012/10/24  09:28

135.    Defendants contacted PRSM in Kansas and conducted prolonged and extended discussions with PRSM in bad faith order to delay and hinder PRSM's pursuit of its contractual and legal remedies.

136.    Upon information and belief, and at an as yet unknown date, all Defendants facilitated the sale of the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms, to other parties, including Coastal Energy, and John Does 1-100.

137.    Defendants made false statements to PRSM and/or omissions of material fact, including without limit misrepresenting the continued viability and existence of Creel Oil and G.J. Creel and concealing that Creel Oil and G.J. Creel was no longer in existence and had nothing to sell to PRSM.

138.    The false statements to PRSM and omissions of material fact made in March 2012 through the present include:

  a.  Failing to inform PRSM that Creel Oil and G.J. Creel was delinquent in its corporate filings.

  b.  Failing to inform PRSM that Creel Oil and G.J. Creel was no longer an active entity.

  c.  Representing that Creel Oil and G.J. Creel was a valid and active entity.

  d.  Transferring all propane assets out of Creel Oil and G.J. Creel and a parcel of real estate owned by Bucksville Farms to another entity.

SCAN DATE 2012/10/24 03:28

e.  Transferring all propane employees out of Creel Oil and G.J. Creel and to another entity.

f.  Transferring the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms to another entity.

g.  Transferring the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms in violation of the parties' exclusive dealing provision.

h.  Failing to abide by the exclusive dealing provision.

i.  Failing to secure a release of, or full payment upon, PRSM's contracts.

j.  Failing to act as an agent in support of the transaction to sell the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms to PRSM

k.  Failing to pay and/or receive full value for the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms.

139.  Defendants knew, or should have known that these statements of fact were false and material and that the omissions were material.

140.  Defendants intended for PRSM to rely upon the misrepresentations and/or omissions.

141.  PRSM reasonably relied upon the statements, representations and/or omissions of defendants.

SCAN DATE 2012/10/24 09:28

142.    PRSM was damaged as a result of relying on Defendants' misrepresentations and omissions, in an amount in excess of $50,000.

WHEREFORE, for the above stated reasons, PRSM demands judgment in its favor on Count VII of the Complaint, and prays for damages in an amount to be determined at trial, the costs and expenses of this action, including reasonable attorneys' fees, and for such other and further relief as to the Court shall deem just and proper.

## COUNT VIII: CONSPIRACY AGAINST ALL DEFENDANTS

143.    PRSM incorporates the preceding paragraphs as if set forth herein.

144.    Defendants conspired to defraud PRSM, and in fact defrauded PRSM, by selling the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms, causing PRSM to continue to extend credit and forego collection procedures.

145.    Defendants contacted PRSM in Kansas and conducted prolonged and extended discussions with PRSM in bad faith in order to delay and hinder PRSM's pursuit of its contractual and legal remedies.

146.    At various times Defendants met, joined together, planned and/or conspired to misrepresent and conceal the transfer of the assets for the purpose of delaying PRSM collection of debts and to hide the Creel Oil, Bucksville Farms, and G.J. Creel assets from PRSM.   Specific acts in furtherance of the conspiracy include:

SCAN DATE 2012/10/24 09:28

a. At a date yet to be discovered by the Plaintiff, Defendants met and conferred and conspired with each other and John Does 1-100 to arrange financing for the sale of the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms to another entity.

b. Upon information and belief, Defendants met and conferred and conspired with each other and John Does 1-100 regarding a plan to avoid repaying funds owed to PRSM while borrowing additional monies, substantially in excess of the assets' actual market value by concealing the sale of the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms from PRSM.

c. Defendants met and conferred and conspired with each other and John Does 1-100 to finance and sell the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms.

d. Defendants met and conferred and conspired with each other and John Does 1-100 to sell the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms and avoid PRSM's notes and contracts.

e. On or about an unknown date in 2012, Defendants met and conferred and conspired with each other and John Does 1-100 to conceal the sale

SCAN DATE 2012/10/24 09:28

of the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms from PRSM.

f. Defendants met and conferred and conspired with each other and John Does 1-100 to conceal the money paid and received for the sale of the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms.

g. From January 2012 through August 2012, Defendants continued to inform PRSM CFO Mark Bailey that Creel Oil and G.J. Creel was an ongoing concern with all of its assets and employees intact.

h. From March 2012 through the filing of this lawsuit, Defendants met and conferred and conspired with each other and John Does 1-100 to continue to use Creel Oil, Bucksville Farms, and G.J. Creel, to conceal that Creel Oil and G.J. Creel had transferred assets and had been dissolved.

i. Upon information and belief each of the defendants received monetary benefits from the sale of the propane operations of Creel Oil and/or G.J. Creel, which also used a parcel of real estate owned by Bucksville Farms without repayment of PRSM notes and lien. Upon further information and belief, John Does 1-100 facilitated the distribution of assets and funds to each of the defendants for their respective roles in the scheme.

SCAN DATE 2012/10/24 09:28

147.    All of the named Defendants agreed or understood that the purpose of their meetings, methods and agreements, were fraudulent and/or unlawful and would result in injury to PRSM and others.  All of the named Defendants agreed and understood that each would act in concert with the others to achieve this purpose.

148.    Defendants undertook these acts with malice and intent to injure PRSM and others.

149.    Defendants undertook these acts for their unlawful personal gain.

150.    The acts were both unlawful and tortious, constituting conversion of assets and the unlawful conveyance of property for purposes of defrauding PRSM.

151.    As a result of the acts PRSM was damaged in an amount in excess of $50,000, to be determined at trial.

WHEREFORE, for the above stated reasons, PRSM demands judgment in its favor on Count VIII of the Complaint, and against defendants and pray for damages in an amount to be determined at trial, the costs and expenses of this action, including reasonable attorneys' fees and for such other and further relief as to the Court shall deem just and proper.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, LLC

Bryan E. Mouber                    KS #19710
Jonathan E. Benevides              KS #24424

9393 W. 110th Street, Suite 500
Overland Park, KS 66210
Phone: (913) 451.6752
Fax: (816) 472.0288
Mouber@bscr-law.com

ATTORNEYS FOR
PROPANE RESOURCES SUPPLY AND
MARKETING, L.L.C.

SCAN DATE 2012/10/24 09:28