IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROPANE RESOURCES SUPPLY AND
MARKETING, L.L.C.,

Plaintiff,

vs.                                    Case No. 12-2758-JTM

G.J. CREEL & SONS, INC., *et al.*,

Defendants.

MEMORANDUM AND ORDER

This is an action by plaintiff Propane Resources Supply and Marketing raising

various contract and related claims against six South Carolina energy companies, as well

as three individuals. Propane Resources originally filed its claim on October 23, 2012, as

Case No. 12-CV-08-292 in Johnson County, Kansas District Court. After being served on

November 5, 2012, Defendant Coastal Energy removed the case to this court on December

4, 2012. (Dkt. 1).

Propane Resources subsequently moved to remand, arguing that the removal notice

was defective because it was not joined by all the served defendants. *See Cornwall v.*

*Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) (recognizing that all served defendants must

consent to removal). The plaintiff stressed that individual defendant Luther Barefoot had been served on the same day as Coastal, but the notice failed to establish that Barefoot consented to the removal. Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action."

After Coastal responded by filing an Amended Notice of Removal the next day, in which Barefoot explicitly consented to the removal, the plaintiff filed a reply arguing that the amendment was too late. Because the unanimous consent of the served defendants occurred only after the 30-day period for removal, it argues, the amendment is untimely and the action should be remanded.

The plaintiff is correct that the rule of unanimity requires consent of all served defendants within 30 days of service. While the defendants may amend a removal notice to correct erroneous statements of fact, they cannot supply new facts to correct jurisdictional defects. *See Daneshvar v. Graphic Tech., Inc.*, 237 Fed.Appx. 309, 314 (10th Cir.2007) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989)). *See Washington v. Harris*, No. 11-2188-JAR, 2011 WL 2174942, *2 (D.Kan June 3, 2011) (absence of unanimous consent is not a minor defect that may be corrected by amendment). "[T]he rule of unanimity requires that all defendants 'join in the notice of removal or give their consent *within the thirty day period* for the removal to be proper.'" *Cacoilo v. Sherwin-Williams Co.*, __ F.Supp.2d __, 2012 WL 6410592 (D.N.J. 2012) (quoting and and adding emphasis to *Pinnacle Choice, Inc. v. Silverstein*, No. 07–5857, 2008 WL 2003759, at *3 (D.N.J. May 6, 2008)).

2

However, court will deny the plaintiff's motion for remand, as other circumstances in the case have rendered it moot. Even as it sought remand of the removal of Coastal and Barefoot, Propane Resources was in the process of serving other defendants. On January 3, 2013, individual defendant Randy Beverly, who was served with process on Decmber 6, 2012 (Dkt. 16), filed an apparently timely Notice of Removal. The notice affirmatively states that "[a]ll Defendants who have been properly joined and served have provided written consent to the removal," including Coastal and Barefoot. (Dkt. 13, ¶ 16). The notice states that Beverly's counsel has "inquired of Plaintiff's counsel as to the service dates of any other Defendants and, as of today's date, has not been advised and/or is not aware of any other Defendant being served with process of this lawsuit and/or having made an appearance in this case." (*Id*. ¶ 15).

The removal statute explicitly contemplates that the opportunity for removal may be separately triggered by subsequent service of process on other defendants. Under 1446(b)(2)(B), "*Each* defendant shall have 30 days after receipt by or service on *that* defendant ... to file the notice of removal." (Emphasis added). And Subparagraph (C) explicitly provides, "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." These provisions were adopted as a part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, P.L. 112-63, 2011 HR 394, which was adopted to "[clarify] the rule of timeliness and provide[ ] for equal treatment of all defendants in their

3

ability to obtain Federal jurisdiction over the case against them." H.R.Rep. No. 112–10, at 14 (2011). Given the timely filing of Beverly's Notice of Removal, with its affirmative representation that all served defendants consent to the removal, the court will not remand the action.

In addition to its request for a remand, Propane Resources also seeks an award of attorney fees and costs, stressing the long-standing nature of the Tenth Circuit's rule of unanimity as to removing defendants. (Dkt. 11 at 6). Such an award, however, is discretionary with the court. *Suder v. Blue Circle*, 116 F.3d 1351, 1352 (10th Cir. 1997).

Propane Resources cites to no case awarding attorney fees under similar facts. In *Cornwall*, 654 F.2d at 687, the court explicitly reversed an award of attorney fees where the removal, although not unanimous, was not shown to be in bad faith. The court did uphold an award of costs, but this was premised on the district court's explicit finding that the removal was frivolous, stating that it "obvious that this Court was fully without removal jurisdiction on federal question grounds or on diversity grounds." *Id.*

In the present case, it is not obvious that jurisdiction is lacking, other than as to the initial failure to demonstrate unanimity. The court finds no evidence of bad faith. Further, while the initial removal notices of Coastal and Barefoot were, respectively, not unanimous and untimely, other defendants in the action remained and were in the process of being served. Thus, Randy Beverly was served on December 6, 2012, five days before plaintiff filed its motion to remand (Dkt. 13, ¶ 2). Plaintiff could well have anticipated that the

remaining defendants would unanimously consent to removal, and the court in its discretion finds that no award of costs of fees should issue.

IT IS ACCORDINGLY ORDERED this 17th day of January 2013, that the plaintiff's Motion to Remand (Dkt. 4) is hereby denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE