IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROPANE RESOURCES SUPPLY AND
MARKETING, L.L.C.,

      Plaintiff,

vs.                               Case No. 12-2758-JTM

G.J. CREEL & SONS, INC., *et al.*,

      Defendants.

MEMORANDUM AND ORDER

The court denied the plaintiff Propane Resources Supply and Marketing's initial motion to remand against the Notice of Removal filed by defendant Coastal Energy, in an Order which more fully sets forth the background of the action. (Dkt. 19). The plaintiff subsequently moved for reconsideration (Dkt. 20) of the court's Order, as well as submitting a further motion (Dkt. 24) seeking that relief as to the Notice of Removal filed by defendant Beverly. In both motions, Propane Resources points to the fact that several defendants filed *pro se* answers in the state action, and suggests that this "calls into question the validity of their consent" to the removal. (Dkt. 20, at 1).

Further, in its Motion to Remand, plaintiff also argues that the defendants waived their ability to agree to removal by filing their state court Answers, that the defendants

have not separately filed their notices of consent, the notices are defective because they are not sworn under penalty of perjury, and that the notice is defective because it failed to include all copies of the pleadings in the action as required by 28 U.S.C.A. § 1446(a), and because notice of the removal was not sent to the other defendants or the Clerk of the Johnson County District Court as required by § 1446(d).

In their Response, the defendants note that § 1446(d) only requires sending of the Notice of Removal to *adverse* parties. In its Reply, the plaintiff focuses on three arguments only – that the defendants waived the ability to consent to removal, that the expression of their consent is invalid because it was not sworn under the penalty of perjury, and that the case must be remanded because all state pleading documents were not attached. The court rejects each of these contentions.

In response to the plaintiff's contention that seven of the defendants waived their right to consent to the removal by the filing of answers in the state court, the defendants argue only that the current text of the removal statute precludes any argument of waiver. That is, they contend that a "cursory reading" of 28 U.S.C. § 1446(b)(2)(C) establishes an absolute right to remove an action, regardless of the extent of his or her participation in the state action.

This is incorrect. The cited provision, which was adopted as a part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, P.L. 112–63, and which became effective January 6, 2012, simply states that when defendants are not served at the same time, an earlier-served defendant can consent to a removal initiated by a later-served

defendant. The statute thus addresses the issues of the timeliness of removal and the rule of unanimity. It simply does not address the separate issue of waiver of removal, and courts have continued to apply that doctrine even after the effective date of the changes to § 1446(b)(2). *See Aranda v. Foamex Intern.*, 884 F.Supp.2d 1186, 1200 (D.N.M. 2012) (action removed on April 17, 2012). The doctrine of waiver is based on principles of "judicial economy, fairness, convenience, and comity," *id.* (quoting *Sayre Enterp. v. Allstate Insurance*, 448 F.Supp.2d 733 (W.D.Va.2006)), and these considerations apply with equal force today.

However, while the court finds the defendants err in arguing that they *could not* waive the right to remove the action, the court is equally unable to find that they *did*. Here, the plaintiff cites *Chavez v. Kincaid*, 15 F.Supp.2d 1118 1125 (D.N.M. 1998), which observed that waiver of the right to remove occurs when a defendant "manifests an intent to litigate in the state court." (Citation and quotation omitted). As *Chavez* makes clear, however, not every filing by defendant in the initial state case will result in a waiver of the right to remove, and the decision of whether waiver exists is left to the discretion of the district court. *See id.* (citing *Richstone v. Chubb Colonial Life Insurance*, 988 F.Supp. 401, 403 (S.D.N.Y.1997). In particular, limited actions which are designed simply to maintain the *status quo* in the state action will not result in a waiver. *Id.* (citing *Fain v. Biltmore Securities, Inc.*, 166 F.R.D. 39, 41 (M.D.Ala.1996)).

In *Fain*, the court the court held that the filing of a motion to stay pending arbitration was not a waiver where the removal occurred before any ruling on the motion to stay. *See* 166 F.R.D. at 42 ("the motion did not progress beyond the filing stage, [n]o briefs were filed

3

on the issue, nor was a hearing scheduled"). *See also Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir.1989) (no waiver based on motion to set aside default judgment), *superceded by statute on other grounds as stated by Dendinger v. First Nat'l Corp.*, 16 F.3d 99 (5th Cir.1994); *Haynes v. Gasoline Marketers,* 184 F.R.D. 414, 416 (M.D.Ala.1999) (no waiver based on filing an answer in state court); *Miami Herald Pub. v. Ferre*, 606 F.Supp. 122, 124 (C.D. Fla. 1984) (no waiver based on the filing of an answer with affirmative defenses).

*Chavez*, the case relied on by plaintiff, found waiver based upon pleadings which sought an immediate end to the state litigation on the merits:

> Defendants' serving Plaintiff with discovery requests on January 28, 1997, filing a motion to dismiss on September 4, 1997, and scheduling a state court hearing on the motion manifests an intent to proceed in state court. The Defendants' Motion to Dismiss submitted the merits of the lawsuit to the jurisdiction of the state court, and was not an action that merely maintained the state court status quo. A twenty-four page supporting brief was filed by Defendants and a hearing was scheduled. Defendants' actions manifested a clear and unequivocal intent to proceed on the merits of the case in state court. As a result, the removal of this case was improper.

15 F.Supp.2d at 1125 (quotation and citations omitted).

"[A]lthough waiver of the right of removal is possible, 'the defendant's intent (to waive) must be clear and unequivocal. Waiver will not occur by defensive action in the state court, short of proceeding to an adjudication on the merits.'" *Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732, 738 (E.D.Ky.1981) (quoting 1A Moore's Federal Practice § 0.157(9) at 127)). As this court has observed:

> The dispositive issue is not whether plaintiff has filed any document at all in federal court, but instead, it is the extent of a plaintiff's conduct in the federal proceedings that is determinative. The rather insignificant action taken by the

4

> plaintiff here [obtaining service of process on opposing party in response to a claimed lack of service] does not constitute waiver of his right to remand. The cases relied upon by defendants for support of this argument involve situations where plaintiffs participated extensively in the federal proceeding, usually by engaging in discovery.

*Todd v. DSN Dealer Service Network*, 861 F.Supp. 1531, 1536 (D. Kan. 194) (quotation and citations omitted).

Here, the court finds no waiver based on the answers filed in the state court litigation. Such pleadings simply serve the effect of preserving the *status quo* of the action, preventing the plaintiff from taking a default judgment. The answers did not require any resolution of the merits of the action, no discovery was sought, and there is no indication that the state court scheduled any hearings as the result. Accordingly, in its discretion, the court finds that the defendants have not waived their right to consent to removal of the action here.

Propane Resources next contends that the removal is improper because the Creel Defendants and Luther Barefoot have not actually filed their consents with this court. Rather, the Removal Notice by defendant Beverly contains three attachments. The first, signed by Beverly on behalf of himself and the Creel Defendants, states that he consents to the removal. The second is signed by an attorney "as counsel for Defendant Coastal Energy of South Carolina," and the third is signed individually by defendant Barefoot. None of the consents are sworn under 28 U.S.C. § 1746.

The plaintiff relies on *Vasquez v. Americano USA*, 536 F.Supp.2d 1253 (D.N.M 2008) for the proposition that the removal is improper here because none of the other parties "has

actually appeared and filed their notice of consent." (Dkt. 25, at 4). *Vasquez* relied in large part on a decision by this court, which wrote:

> To join a motion or notice of removal is to support it in writing. This does not mean that all defendants must sign the same notice of removal. Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period. It is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to removal. One defendant's attempt to speak on behalf of another defendant will not suffice.

*Henderson v. Holmes*, 920 F.Supp. 1184, 1186-87 (D. Kan. 1996) (citations and quotations omitted). *Henderson* further stressed the rationale for the requirement of separate and explicit consent:

> There are valid reasons for this requirement. Without such a filing, there would be nothing on the record to 'bind' the allegedly consenting defendant. It serves the policy of insuring the unanimity necessary for removal. It is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand. It is not an onerous requirement that unfairly disadvantages defendants or that can be manipulated by the plaintiff. District courts within the Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth and Eleventh Circuits have endorsed similar requirements.

*Id. See also Smith v. McCormick-Armstrong Co.*, 2012 WL 4839918 (D.Kan. Oct. 11, 2012) (observing split among circuits as to whether consent may be "satisfied by a representation from counsel for the removing defendant [or whether] each co-defendant must independently express their consent to removal" and noting that the Tenth Circuit has not conclusively ruled on the issue).

However, the cited cases are not applicable as this is not a case in which counsel for Beverly has simply asserted that the other defendants consent to the removal. The Notice

of Removal filed by Beverly contains separate and affirmative consents to removal by representatives for each of the other defendants.

Nor is it significant that these consents have been attached to a pleading rather than by being separately filed with court. As this court noted in *Henderson*, the rationale for the rule of explicit consent is to ensure that consent is indeed unanimous, and to bind the consenting parties to the court's jurisdiction. These goals are accomplished whether the consent forms are submitted independently or by attachment to another pleading. *See Pritchett v. Conttrell*, 512 F.3d 1057, 1062 (8th Cir. 2008) (consent to removal valid even where attached to [the] notice of removal as an exhibit, not a stand-alone pleading").

The only remaining question is whether the consent forms are invalid simply because they are signed but not sworn under 28 U.S.C. § 1746. Plaintiff cites to no case invalidating a consent to removal on such a basis, and the court's research has found none. The sole authority cited by plaintiff for its argument is § 1746 itself. But that statute simply provides that "[w]herever ... any matter is required or permitted to be supported ... by the sworn declaration[,] such matter may ... be supported" by an unsworn declaration that the statement is made under the penalty of perjury. Thus, the statute does not address which writings must be sworn, only that *if* a given writing must be sworn, a unsworn statement made under the penalty of perjury is deemed satisfactory.

Removal requires that all the defendants "join in the application." *Chicago, Rock Island & Pacific Ry. v. Martin*, 178 U.S. 245, 248 91900). That case, however, "does not specify *how* defendants must join in." *Proctor v. Vishay Intertechnology*, 584 F.3d 1208, 1225 (9th Cir.

2009) (emphasis in original). District courts in the Tenth Circuit have held that each defendant must "unambiguously file notice of its consent to join in the removal," *Vasquez*, 536 F.Supp.2d at 1258 (citation omitted). But while the courts have described the *level* of consent (unanimous and unambiguous), they have not prescribed any particular *form* for the consent. The court finds that the principles of unanimity are satisfied here, where the pleadings and attachments establish that each of the defendants does agree to the removal, even though such statements are not sworn.

Thus, while this court has indicated that consent requires "a timely filed written indication from each defendant ... that he/she has actually consented to removal, "*Todd*, 861 F.Supp. at 1536, it has never suggested that such a written consent is invalid unless formally sworn. Further, there are indications in a number of decisions that a consent to remove need not be sworn. Thus, in *Ogletree v. Barnes*, 851 F.Supp. 184, 190 (E.D. Pa. 1994), the court concluded that remand was appropriate given the lack of "some sort of indication from each defendant that it either joins in or consents to the removal—perhaps even an informal indication such as a letter to the court." *See also Codapro Corp. v. Wilson*, 997 F.Supp. 322 (E.D.N.Y. 1998) (letters written by co-defendants to the remaining defendant, and which were first produced in response to the plaitniff's motion to remand, did not establish unanimous consent – not because they were unsworn, but because the letters were sent to the removing defendant rather than being filed with the court).

In the present case, all of the consents are submitted by attachment to Beverly's Removal Notice. All are submitted in the form of legal pleadings, with an appropriate

8

caption designating this court, the case title, and case number. Each is entitled emphatically "**CONSENT OF**" each respective defendant. These affirmative and individual representations, presented to the court in formal documents bearing its name, are sufficient to bind the defendants and subject them to the jurisdiction of the court.

Finally, plaintiff argues that the action should be remanded because Beverly's Removal Notice does not comply with the requirements of 28 U.S.C. § 1446(a), which provides that a Notice of Removal be presented "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Plaintiff contends the notice here failed to included any of the answers or motions served by the other defendants in the state claim. Even assuming such pleadings should have been attached to Beverly's removal notice, however, it is not fatal to the court's jurisdiction. The failure to attach required state-court documents to a removal notice is a procedural defect that may be cured, either before or after the 30–day removal period. *See Countryman v. Farmers Ins. Exchg.*, 639 F.3d 1270, 1273 (10th Cir.2011) (*per curiam*); *Yellow Transp. v. Pier 1 Imports*, No 07-2482-JTM 2008 WL 1711673, *3 (D. Kan. April 10, 2008) (omitted state court exhibit was not required under § 1446(a), but "[e]ven if the statute required such documents, the defect is not jurisdictional and may be cured by amendment").

IT IS ACCORDINGLY ORDERED this 9th day of April, 2013, that the plaintiff's Motions for Reconsideration (Dkt. 20) and for Remand (Dkt. 24) are hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE